BURKE, P. J.
 

 This action involves a determination of the effect of an endorsement in an automobile insurance policy, excluding any insurance coverage thereunder while the insured vehicle is being operated by any person under the age of 25 years, upon the uninsured motorist coverage required under section 11580.2 of the Insurance Code.
 

 The action was brought by the minor plaintiffs and their mother for a declaration of rights under the policy of liability insurance issued by defendant. The case was submitted upon an agreed statement of facts under which the parties stipulated that:
 

 (1) Plaintiffs suffered bodily injury in a two-car accident on March 19, 1960, while passengers in the insured vehicle.
 

 
 *135
 
 (2) Neither the owner nor the operator of the second car involved had a bodily injury liability bond or insurance policy applicable to their car at the time of the collision.
 

 (3) The automobile in which plaintiffs were riding was insured by defendant under a policy of liability insurance which included an “uninsured motorists protection endorsement” and a provision that the policy shall not apply at any time while such automobile is being driven by any person under the age of 25 years.
 

 (4) At the time of the accident the automobile in which plaintiffs were riding was being driven by a person under the age of 25 years.
 

 (5) Plaintiffs made claim against defendant for damages for their injuries under the policy and under the provisions of section 11580.2 of the Insurance Code, and defendant denied these claims on the ground that the policy in question did not apply while the insured vehicle was being operated by a person under the age of 25 years.
 

 (6) None of the plaintiffs were the “insured” under the policy in question,
 
 [1]
 
 and the vehicle in which plaintiffs were riding was driven with the consent and permission of the owner.
 

 Motion by defendant for a nonsuit was granted by the court from which the plaintiffs appeal.
 

 Section 11580.2 of the Insurance Code, as it read at the time of the accident, provided in part as follows:
 

 “No policy of bodily injury liability insurance covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be issued or delivered in this State to the owner or operator of a motor vehicle, or shall be issued or delivered by any insurer licensed in this State upon any motor vehicle . . . unless the policy contains, or has added to it by endorsement, a provision insuring the named insured and any other person legally responsible for the use of or using the motor vehicle with the consent, express or implied,
 
 *136
 
 of the named insured, for all sums which he shall be legally entitled to recover as damages for bodily injury from the owner or operator of an uninsured motor vehicle, with coverage limits at least equal to the financial responsibility requirements specified in Sections 16059 and 16451 of the Vehicle Code;
 
 provided, however, that the insurer and the insured may by supplemental agreement waive application of the provision covering damage caused by an uninsured motor vehicle.”
 
 (Emphasis added.) (Stats. 1959, eh. 817, § 1.)
 

 The policy in question issued by defendant contained the following endorsement:
 

 “In consideration of the premium at which this policy is written, it is understood and agreed any insurance as afforded by this policy shall not apply at any time while such automobile is
 
 being
 
 operated by any person under the age of 25 years.”
 

 Defendant claims that the coverage afforded by the policy in question and the above numbered section of the Insurance Code is not available to plaintiffs because of the above quoted endorsement. Defendant maintains that such endorsement constitutes, in effect, a “supplemental agreement” under which the insurer and the insured waived application of the provisions of the policy covering damage caused by an uninsured motor vehicle; that such right of waiver is expressly recognized in that portion of section 11580.2 of the Insurance Code which we have set forth in italics.
 

 The language of the above quoted section of the Insurance Code, which was first enacted by the Legislature in 1959 as a part of a section by the same number (and reenacted in 1961) is very broad and comprehensive in scope and established as a matter of public policy that every bodily injury motor vehicle liability policy in this state should provide uninsured motorist coverage. It follows that this section of the Insurance Code becomes in effect a part of every policy of insurance to which it is applicable to the same effect as if it was written out in full in the policy itself. This principle of law was established by our Supreme Court in the case of
 
 Wildman
 
 v.
 
 Government Employees’ Ins. Co.,
 
 48 Cal.2d 31, 39 [307 P.2d 359]. The latter case involved an interpretation of the financial responsibility laws, Vehicle Code sections 16000-16503, which do üot directly concern us in the present case.
 

 Defendant
 
 calls
 
 our attention to the effect of certain legislation enacted within a few months after February 19, 1957,
 
 *137
 
 the date of'decision in the
 
 Wildman
 
 ease
 
 (Wildman
 
 v.
 
 Government Employees’ Ins. Co., supra,
 
 48 Cal.2d 31), which may have limited the effect of that decision with respect to the applicability of the financial responsibility laws to a" driver who has not been required to furnish proof of ability" to respond in damages. No such limitation has been imposed by the Legislature, however, with respect to the mandatory uninsured motorist coverage, and -thus the legal principle established in the
 
 Wildman
 
 case is applicable and the provisions of the uninsured motorist section must .be considered a part of every bodily injury liability policy-written in this state. (Also see
 
 Bonfils
 
 v.
 
 Pacific Auto. Ins. Co.,
 
 165 Cal.App.2d 152,157 [331 P.2d 766].) Unlike the financial responsibility laws before the court in
 
 Wildman,
 
 however, tire Uninsured Motorist Law contains the specific authorization indicated above whereby the insurer and the insured may by supplemental agreement waive application of such benefits.
 
 [2]
 

 We must next consider whether the endorsement to the policy can be construed as a supplemental agreement waiving “application of the provision covering damage caused by an uninsured motor vehicle.” There is no doubt of -the insurance company’s right to limit the coverage of a policy issued by it and when it has done so the plain language of . the limitation must be respected.
 
 (Continental Cas. Co. v. Phoenix Constr. Co.,
 
 46 Cal.2d 423, 432 [296 P.2d 801, 57 A.L.R.2d 914].) However, any such limitation must conform to the
 
 law;
 
 if contrary to public policy it is void.
 
 (Bonfils
 
 v.
 
 Pacific Auto. Ins. Co., supra,
 
 165 Cal.App.2d 152, 156.)
 

 It should be noted that compliance with - section 11580.2 of the Insurance Code is mandatory. It provides that “No policy of bodily liability insurance ....
 
 shall
 
 be issued . -. . unless the policy contains [a provision for-uninsured motorist coverage]. . . .” (Emphasis added.) , Reading these mandatory statutory provisions into every policy of -bodily injury liability insurance as the
 
 Wildman
 
 ease
 
 (Wildman
 
 v.
 
 Government Employees’ Ins. Co., supra,
 
 48 Cal.2d 31) requires, it follows that express provisions of insurance-'policies in derogation of the mandatory statutory provisions will not be enforced.
 

 
 *138
 
 Here the statute (Ins. Code, § 11580.2) provides for coverage of “. . . the named insured and any other person legally responsible for the use of, or using the motor vehicle with the consent, express or implied, of the named insured, ...” The restrictive endorsement provided that the insurance afforded by the policy would not apply while the automohile was being operated by “. . . any person under the age of 25 years.” The two provisions are in direct conflict with each other and therefore as to uninsured motorist coverage, the policy’s restrictive endorsement is void.
 

 It is also ‘‘ [a] cardinal rule of interpretation . . . where a provision of an insurance policy is susceptible of two constructions, it should be construed most strongly in favor of the policyholder.”
 
 (Island
 
 v.
 
 Fireman’s Fund Indemnity Co.,
 
 30 Cal.2d 541, 548 [184 P.2d 153, 173 A.L.R. 896].)
 

 “If the insurer uses language which is uncertain any reasonable doubt will be resolved against it;. . .”
 
 (Continental Cas. Co.
 
 v.
 
 Phoenix Constr. Co., supra,
 
 46 Cal.2d 423, 437.)
 

 “ It is also the rule that exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured.”
 
 (Arenson
 
 v.
 
 National Auto. & Cas. Ins. Co.,
 
 45 Cal.2d 81, 83 [286 P.2d 816].)
 

 Applying these rules to the exclusionary endorsement in the policy before us for consideration, we note first that nowhere in this endorsement is there any reference whatever to the uninsured motor vehicle benefits. Yet the plain language of the statute clearly requires that if the benefits are to be waived it can only be done by “supplemental agreement” expressly waiving application of the uninsured motor vehicle benefits. Mere acceptance by the named insured of a policy of automobile liability insurance containing an endorsement making the coverage inapplicable during operation of the motor vehicle by a person under 25 years of age does not come within what the Legislature contemplated as a
 
 waiver
 
 by
 
 supplemental agreement
 
 of
 
 uninsured motorist coverage.
 
 Undoubtedly, the Legislature, by use of the words “supplemental agreement,” intended that the named insured execute a waiver as an addition to and not as a part of the policy itself; in other words, a waiver would not he manifested by mere acquiescence in the terms of the policy as endorsed when issued to him. Further, we believe an express, not implied, waiver is required ; the Legislature intended that when the named insured did execute such a waiver that it would clearly and specifically refer to the subject matter (uninsured motorist coverage) with
 
 *139
 
 which it was concerned. There was no such express waiver by “supplemental agreement” in the instant case.
 

 Applying the applicable rules of construction we hold that the endorsement cannot be construed to constitute the express waiver by written supplemental agreement of such benefits required by the statute. Therefore plaintiffs are entitled to the protection which the Uninsured Motorist Law extends to parties under bodily injury liability insurance policies issued or delivered in California when such party is injured by the negligent acts of an owner or operator of an uninsured motor vehicle.
 

 It is true that plaintiffs were not parties to the insurance contract but they are clearly members of a class for whom the benefits of the Uninsured Motorist Law are intended to apply. Defendant argues that since uninsured motorist coverage may be waived
 
 in toto
 
 it may be waived in part. Nowhere in the law is there any provision for waiving of coverage based upon age classifications or on the basis of other non-preferred risks. The only permissible exclusion is the one expressly provided for in the statute under which the insurer and the insured may by supplemental agreement expressly waive application of the statute.
 

 Defendant asserts that at the time the policy was renewed on November 1, 1959, a renewal statement was sent to the insured which contained a question, “Are there any male drivers of your car under 25 years of age ? ’ ’ When the statement was returned the space “No” had been cheeked. Defendant contends that the insured obtained the policy at a reduced premium based upon these representations and that the insured would be estopped on the facts to claim benefits under the policy if in fact the vehicle was being operated by a driver under 25 years of age. As plaintiffs point out, however, this is not an action between the insurer and its policyholder. Plaintiffs are entitled to the protection afforded them, by the Uninsured Motorist Law and the policy, if in fact the insurer and the insured did not waive the application of the benefits of that law by written agreement.
 

 Defendant’s attempt to exclude coverage required by the state as a matter of public policy can be effectual only if there has been a strict compliance with the provisions of the law permitting such exclusions.
 

 The judgment is reversed.
 

 Jefferson, J., and Balthis, J., concurred,
 

 [1]
 

 Although not pertinent to the decision in this ease it should be noted that this stipulated fact is at variance with the definition of "insured” as used in Insurance Code, § 11580.2, subd. (b), as it existed at the time of the accident in this case. The term "insured” was therein defined as ". . . the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise,
 
 and any other person while in or upon or entering into or alighting from an insured motor vehicle;
 
 provided, the motor vehicle is used by the named insured or with his permission and consent, express or implied; ...” (Emphasis added.) (Stats. 1959, eh. 817, § 1.)
 

 [2]
 

 Under the 1961 revision of' the section there has been a change in language of the provision providing for the deletion of coverage; however, this change can have no effect upon the case before us which is governed by the law as it stood in 1959.