[Civ. No. 21660.   First Dist., Div. Three.   Dec. 10, 1964.]

GUY G. MILLS, Cross-complainant and Appellant, v. FARMERS INSURANCE EXCHANGE, Cross-defendant and Respondent.

Mullally & McCorkindale and Lawrence E. Mullally for Cross-complainant and Appellant.

Schofield & Cunningham and Richard G. Logan for Cross-defendant and Respondent.

DEVINE, J.—The problem in this case is whether an insurance company which has paid claims under an uninsured

motorist clause might, under the law as it existed from 1959 until its amendment in 1961, recover the amount paid against a party legally responsible for the accident, other than the uninsured motorist. The facts of the accident and of the actions taken by various parties since that time are without dispute, for present purposes, because the cause had not gone beyond the pleading and motion stages before judgment was rendered.

On February 5, 1961, Dennis A. Brever, accompanied by his wife, Rosemary, was driving his automobile on a highway in a northerly direction. The car was struck by a vehicle coming from the north, driven by Charles Jones, and by a vehicle from the south, driven by Guy G. Mills. Mr. Brever was killed and his wife was injured. Jones was uninsured but Mills was insured. An action for wrongful death was brought by Mrs. Brever and her children, and an action for her injuries was brought by Mrs. Brever against Jones. Mills was not joined as a defendant. He was a close friend of Mrs. Brever and she did not wish to sue him, but some months later she joined him as a defendant, on the insistence of her own carrier, Farmers Insurance Exchange. Farmers paid $10,000 for the wrongful death of the husband and $1,000 for Mrs. Brever's injuries, pursuant to uninsured motorist coverage, but required Mrs. Brever to sign a trust agreement in which she promised to take whatever action was necessary or appropriate to recover damages from any person who might be legally liable therefor, through any representative designated by Farmers.

With the court's permission, Mills filed a cross-complaint, bringing in Farmers as cross-defendant and asking a declaration of his rights and an injunction against Farmers from proceeding with the Brever case against Mills. Demurrer to the cross-complaint as amended was sustained, and the amended cross-complaint was dismissed by the court. From this judgment Mills appeals. Mills makes the point that the court should have declared his rights because of his application for declaratory relief, but this point is not particularly important because both sides are willing to have the law declared for them on this appeal.

### The Original Statute and Its Amendment

The original statute relating to uninsured motorists was section 11580.2 of the Insurance Code, enacted by chapter 817 of the 1959 Statutes of California. This section was repealed by chapter 1189 of the 1961 Statutes of California, and a new section was added which contains several important addi-

tions and which changes the numbering and lettering of subdivisions. Under the 1959 statute, the subdivision relating to subrogation reads as follows: "(e) An insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against *the person* causing such injury or death to the extent that payment was made." (Stats. 1959, p. 2837. Italics added.) In the 1961 statute, the subrogation subdivision reads: "(f) The insurer paying a claim under an uninsured motorist endorsement or coverage shall be entitled to be subrogated to the rights of the insured to whom such claim was paid against *any person* causing such injury or death to the extent that payment was made." (Stats. 1961, p. 2923. Italics added.) In both versions of the statute, it is provided that uninsured motorist coverage "does not apply . . . (c) . . . (3) To bodily injury of the insured with respect to which [such, the] insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against *any person* who may be legally liable therefor." (Stats. 1959, p. 2836; Stats. 1961, p. 2923. Italics added. The bracketed word was "such" in the 1959 version, and "the" in the 1961 version.)

### Contentions of Appellant

Appellant contends that because subdivision (e) of the 1959 statute refers to subrogation against *the* person causing the injury, the statute as it then was referred to the uninsured motorist only, and that subrogation was not then granted as against anyone else. He argues (1) that the provision for subrogation is in derogation of the common law, and therefore the statute must be strictly construed; (2) that applying strict construction, we must regard "the person" referred to in subdivision (e) as being the owner or operator of an uninsured vehicle, because under subdivision (a) the benefits of the required uninsured motorist coverage are the "damages for bodily injury from the owner or operator of an uninsured motor vehicle"; and (3) that the change in description from "the person" to "any person," made in 1961, shows that under the 1959 statute the right of subrogation was limited to apply to a single person, the uninsured motorist.

### Our Decision and Our Reasons

We conclude that appellant's position cannot be maintained.
1. It has been held that subrogation does not apply

to tortious injury to the person except in cases where such right of subrogation has been expressly granted by statute (*Fifield Manor* v. *Finston,* 54 Cal.2d 632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813]; *Peller* v. *Liberty Mutual Fire Ins. Co.,* 220 Cal.App.2d 610, 612 [34 Cal.Rptr. 41]), but this does not mean that a statute which does create a right of subrogation should be construed in a way which would defeat its fair import. We note that the cases cited by appellant, applying strict construction of statutes (*Weber* v. *Pinyan,* 9 Cal.2d 226, 229 [70 P.2d 183, 112 A.L.R. 407]; *Cook* v. *Superior Court,* 12 Cal.App.2d 608, 611 [55 P.2d 1227]), refer to statutes creating a new liability or increasing an existing liability or giving a remedy against a party who otherwise would not be liable. ■ In the case before us, appellant, if he was guilty of negligence proximately causing the injury or death (as we must presently assume), was liable to the damaged persons, the Brevers, at all times. The 1959 and 1961 versions of section 11580.2 neither increase nor diminish his liability. The most that is done is to place in the hands of the injured parties' insurer the right to enforce this always existing liability. Because of this, the principle of narrow statutory construction, if applied at all, should be accorded only limited application. (*Peterson* v. *Grieger, Inc.,* 57 Cal. 2d 43, 50 [17 Cal.Rptr. 828, 367 P.2d 420].)

■ 2. Liberal interpretation has been given to the statutes providing compensation for those injured on the highways through no fault of their own. (*Interinsurance Exchange* v. *Ohio Casualty Ins. Co.,* 58 Cal.2d 142, 153-154 [23 Cal.Rptr. 592, 373 P.2d 640].) The Uninsured Motorist Law is a statute of this class, and is to be interpreted liberally. (*Taylor* v. *Preferred Risk Mutual Ins. Co.,* 225 Cal.App.2d 80, 82 [37 Cal.Rptr. 63].) ■ It is true that the subrogation provision in this statute does not directly aid the victim of the accident, but it is an important part of the statute and no doubt has played a role in making it acceptable and workable. Therefore, in interpreting the subrogation part of the statute, we shall at least temper by these considerations the general rule relating to strict construction of statutes which are in derogation of the common law.

■ 3. Section 13 of the Insurance Code provides that the "singular number includes the plural, and the plural the singular." Therefore, the word "person" in section 11580.2, subdivision (e), as it stood in the 1959 version, was equivalent to the word "persons." If in a multiparty accident, two

separate uninsured motorists should have been guilty of causing injuries to an insured person, it would seem clear that the latter's carrier would have been subrogated against both or either of them. We see no reason why this right of subrogation would not exist against an uninsured and an insured person, each having caused the accident, or against either of them.

4. The statute makes no reference to a difference between an uninsured and an insured motorist or, for that matter, between an uninsured motorist and another person, such as a railroad which might have been a second party proximately causing injury or death.

5. In the 1959 statute there was, as there still is, an exemption for the insurer of an injured person if the insured obtained judgment against or made a settlement with *any person*. (Stats. 1959, p. 2836; Ins. Code, § 11580.2, subd. (c) (3). It does not seem that this provision was included only for the purpose of preventing double recovery by the insured because there is not merely pro tanto reduction of the injured party's claim against his insurer, but a complete exemption unless the insurer has consented. It is logical to believe that at least one purpose of this exemption is to prevent the insured from interfering with the insurer's right of subrogation. This implies that the right of subrogation existed against others than uninsured motorists.

6. The fact that the Legislature changed the expression from "the person" (which, as said above, would include the plural) to "any person," although a factor to be weighed in arriving at our decision, is by no means compelling. Many changes in expression were made, and it has been noted that there has been a somewhat loose use of words here and there in the statute, even in the 1961 version. (Chadwick & Poché, *California's Uninsured Motorist Statute: Scope and Problems,* 13 Hastings L.J. 194, 203.) Appellant has pointed to nothing, such as a judicial decision which the Legislature wished to overcome, as showing a desire of the Legislature to effect a change.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.