[Civ. No. 21796.   First Dist., Div. Three.   Apr. 16, 1965.]

THE TRAVELERS INDEMNITY COMPANY, Plaintiff and Appellant, v. JOHN A. KOWALSKI, Defendant and Respondent.

Weinmann, Rode, Burnhill & Moffitt and Cyril Viadro for Plaintiff and Appellant.

Smith, Parrish, Paduck & Clancy, Russell Bruno and Thomas Schneider for Defendant and Respondent.

SALSMAN, J.—Appellant sought a declaratory judgment that because respondent Kowalski did not comply with the terms of the automobile liability insurance policy issued to him by appellant, or with the provisions of Insurance Code section 11580.2, subdivision (c)(3), he had no right to assert a claim against appellant under the uninsured motorist coverage of the policy. The trial court denied the relief requested.

The facts are not in dispute. Appellant issued a policy of automobile liability insurance to respondent. The policy included uninsured motorist coverage as required by Insurance Code section 11580.2. The policy specified, as does the statute, that the uninsured motorist coverage did not apply to injuries with respect to which the insured had, without written consent of appellant, prosecuted an action to judgment against any person who might be liable therefor.

Respondent was involved in an accident with an uninsured motorist. He filed suit and prosecuted his action to judgment without the knowledge or consent of appellant. He obtained a judgment for $9,500. Thereafter he invoked the uninsured motorist provisions of his policy and demanded arbitration of his claim. Respondent also offered to assign the judgment to appellant and to take any steps relating to the judgment that appellant might desire.

The trial court found that appellant was not prejudiced by respondent's action in taking judgment against the uninsured motorist and concluded that respondent was entitled to proceed to arbitration pursuant to the terms of the policy.

Thus, the narrow question presented is whether uninsured motorist coverage is lost if suit against the uninsured motorist is prosecuted to judgment without the consent of the insurer.

Insurance Code section 11580.2 was first enacted in 1959, and although amended from time to time thereafter, it is conceded that it is the statute as originally enacted that

has application to the facts of this case. The statute establishes as a matter of public policy that every bodily injury motor vehicle liability policy issued or delivered in this state should provide uninsured motorist coverage (*Hendricks* v. *Meritplan Ins. Co.*, 205 Cal.App.2d 133, 136 [22 Cal.Rptr. 682]), and the provisions of the statute are a part of every policy of insurance to which it is applicable. (See *Interinsurance Exchange* v. *Ohio Cas. Ins. Co.*, 58 Cal.2d 142, 148 [23 Cal.Rptr. 592, 373 P.2d 640], and cases cited.) Here no question is raised concerning a difference in language between the statute and the policy because the policy repeats the pertinent provisions of the statute in almost identical language. It is suggested, however, that there is room for a difference in construction between the statute and the policy, although as will appear, we find none.

Section 11580.2, subdivision (c) provides for certain exemptions from the coverage described in the statute. As originally enacted subdivision (c)(3) stated that the insurance coverage provided does not apply "To bodily injury of the insured with respect to which such insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor."

Respondent contends that the purpose of the Legislature in enacting section 11580.2 was to solve the problem of financial loss caused by the motorist who is uninsured or not financially responsible for damages he may cause in an automobile accident and that the statute, being remedial in nature, must be liberally construed. (See Final Report of the Traffic Accident Consequences Subcommittee of the Committee on Judiciary (Assembly Interim Committee Reports, 1957-58, Vol. 20, No. 6) p. 15; *Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 434 [296 P.2d 801, 57 A.L.R.2d 914].) Respondent further argues that, once the legislative intention has been ascertained, it should be given full effect, even though it may not be entirely consistent with the strict letter of the statute. (See *Dickey* v. *Raisin Proration Zone No. 1*, 24 Cal.2d 796, 802 [151 P.2d 505, 157 A.L.R. 324].)

We recognize that the statute we are reviewing must be given a liberal interpretation. Nevertheless, as was said in *Wisdom* v. *Eagle Star Ins. Co.*, 211 Cal.App.2d 602, 605 [27 Cal.Rptr. 599], this "does not vitiate the elementary principle that the judicial function is simply to ascertain and

declare what is in terms or in substance contained in the statute, not to insert what has been omitted, or omit what has been inserted. (Code Civ. Proc., § 1858.) ■ Courts cannot depart from the meaning of language in a statute which is free from ambiguity, even though the consequence would be to defeat the object of the statute. (*Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 68 [59 P.2d 962].)'' ■ We find no ambiguity in section 11580.2, subdivision (c) (3). Its language is perfectly clear. It declares with certainty that the insurance provided in the statute does not apply when the insured, without the written consent of the insurer, prosecutes to judgment any action against the uninsured motorist. There is no room for construction here.

Respondent also contends that the Legislature, by providing statutory coverage, did not intend to abrogate the rules customarily applicable to contractual insurance provisions (see 27 Cal.Jur.2d, Insurance, §§ 275-280, pp. 770-779) and that because of the declared policy against forfeitures (Civ. Code § 3275) appellant should be required to show some prejudice before it may claim the benefit of the exclusion. ■ While it is true that insurance contracts are commonly given a liberal interpretation in favor of the insured, and that courts are strongly inclined against forfeitures, it is equally true that language used in an insurance contract must be given its plain and ordinary meaning, and when it is unambiguous it must be given effect. (*Carabelli* v. *Mountain States Life Ins. Co.*, 8 Cal.App.2d 115, 117 [46 P.2d 1004].) We find no basis for applying the contractual rule that policy ''. . . exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured.'' (*Arenson* v. *National Auto. & Cas. Ins. Co.*, 45 Cal.2d 81, 83 [286 P.2d 816].) We must and do construe the policy as well as the statute according to its unambiguous language, and when this is done it is clear that because respondent prosecuted his action to judgment against the uninsured motorist without the written consent of his insurer, he is denied the insurance protection established by the statute and described in his policy.

The judgment is reversed, with directions to enter judgment for appellant.

Draper, P. J., and Devine, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied June 16, 1965.