[Civ. No. 390.   Fifth Dist.   Nov. 5, 1965.]

FAYE SENA PORTILLO et al., Plaintiffs and Appellants, v. FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

Kane, Canelo & Mash, Kane & Canelo, Thomas J. Kane, Jr., and Cyril Viadro for Plaintiffs and Appellants.

Kroloff, Brown, Belcher & Smart, Claude H. Smart, Jr., and Richard G. Logan for Defendant and Respondent.

BROWN (R. M.), J.—This is an appeal by the plaintiffs from a judgment denying them recovery under the uninsured motorist provision of an insurance policy.

Plaintiff Faye Sena Portillo's husband was killed in an automobile accident which occurred more than a year before the effective date of Insurance Code section 11580.2. His car collided with an automobile driven by Turner and another driven by Attebery while Turner and Attebery were engaged in a drag race. Turner had no applicable insurance, being in the Service, and had an "on base" liability policy covering his automobile only while it was on a military reservation. Attebery, also in the Service, had a policy with "off base" coverage with limits of $10,000 for the death of one person. This policy excluded coverage while racing, etc., and the carrier, International Automobile Insurance Exchange, denied coverage.

The plaintiffs sued Turner and Attebery and recovered a judgment against both in the sum of $65,000.[1] Thereafter, the plaintiffs filed an action against Attebery's carrier to recover both the limits of that policy and the excess of the judgment over those limits, on the theory that International Automobile Insurance Exchange had been guilty of bad faith in refusing to settle the wrongful death action within the limits. International settled this judgment by the payment of $23,000, which left an unsatisfied judgment as against Turner to the extent of $42,000. Plaintiffs then brought this action to recover under the uninsured motorist provision of a policy issued by the defendant. The defense was predicated upon the fact that the plaintiffs had failed to obtain the written consent of the defendant to the settlement with International Automobile Insurance Exchange as provided in the policy, and such failure freed the defendant from liability under the uninsured motorist coverage.

---

[1] See *Sena* v. *Turner*, 195 Cal.App.2d 487 [15 Cal.Rptr. 857].

■ The matter was heard on an agreed statement of facts. It was stipulated that the plaintiffs had preserved their right to seek relief under the policy; that the plaintiffs had secured the written consent of the defendant to exhaust their rights against Turner and Attebery in the wrongful death action before bringing this action against the defendant herein. It was not, however, stipulated that the defendant had refused to consent to the settlement, or that the plaintiffs had attempted to procure its consent thereto. At the hearing it was further stipulated that, on the morning set for the first day of trial of the action against International, the plaintiffs' counsel telephoned the defendant's counsel and advised him that the plaintiffs would like to settle the case and asked if the defendant would consider contributing $3,000 to a settlement, which the defendant refused to do; that at that time the plaintiffs were contemplating settlement but had not entered into a settlement; that defendant's counsel understood that the case would go to trial in the event defendant refused to contribute; and the next information he received from the plaintiffs was that they had consummated the settlement.

Plaintiffs appeal from an adverse judgment.

The clause in question refers to an endorsement the pertinent part of which is as follows:

"Exclusions

"This insurance does not apply

"1.   .   .   .   .   .   .   .   .   .   .   .

"2. To bodily injury of an insured with respect to which such insured or his representative shall, without the written consent of the Exchange, make any settlement with or prosecute to judgment any action against any person or organization who may be legally liable therefor."

One of plaintiffs' contentions is that they were not required to obtain the defendant's consent to settle with Attebery's carrier, and further, that the defendant could not arbitrarily withhold its consent to the settlement. Plaintiffs refer to *Mills* v. *Farmers Ins. Exchange,* 231 Cal.App.2d 124, at pages 128-129 [41 Cal.Rptr. 650], as to the insurer's subrogation rights. It is contended that the reasons invoked in the *Mills* case do not apply in the case before us because the defendant could not have insisted that the plaintiffs proceed against Attebery or his carrier and that further, the defendant could not complain that more could have been collected than was collected, there being no right of subrogation, and the policy

of the defendant would not allow it to proceed against Atte-
bery or his carrier. Furthermore, it is argued that there could
be no subrogation to a cause of action arising out of physical
injury to a person, citing *Fifield Manor* v. *Finston,* 54 Cal.2d
632 [7 Cal.Rptr. 377, 354 P.2d 1073, 78 A.L.R.2d 813], and
other similar cases.

Plaintiffs also argue that the consent requirement is in-
applicable as defendant's consent was required only for a
settlement with a person who may be liable for the injury
suffered by the insured; it was required only for a settlement
made before the liability of the person who may be liable has
been established by a judgment; and inasmuch as settlement
was made after Attebery's liability had been established by
the judgment, without the defendant's full consent, neverthe-
less, the policy should be construed against the insurance com-
pany and no consent should be required in this case.

They also contended that the consent of the defendant was
withheld arbitrarily inasmuch as it is claimed that the de-
fendant took the position that it was an all or nothing proposi-
tion, and that it was in no way required to give consideration
to plaintiffs' chances of prevailing against Attebery's carrier;
that therefore, this was obviously a violation of its duties
which, under its own policy, it owed to its insured and, as
the equivalent of a denial of coverage, it had the effect of
freeing plaintiffs from any requirement to comply with the
policy. (See *Ritchie* v. *Anchor Casualty Co.,* 135 Cal.App.2d
245, 258 [286 P.2d 1000].)

Answering the plaintiffs' argument about subrogation, the
defendant quotes from the policy this paragraph: "[By the
insuring agreement of the policy defendant obligated itself]
[t]o pay all sums which the insured shall be legally entitled
to recover as damages from the owner or operator of an un-
insured automobile because of bodily injury sustained by the
insured . . . ."

While it is well settled that insurance policies are to be con-
strued against the insurance company, in *Jarrett* v. *Allstate
Ins. Co.,* 209 Cal.App.2d 804, 810 [26 Cal.Rptr. 231], the
court said: "This rule requiring all uncertainties, ambiguities,
inconsistencies and doubtful provisions to be resolved against
the insurer and in favor of the insured is subject to the im-
portant limitation, however, that it is applicable only when the
policy actually presents such uncertainty, ambiguity, incon-
sistency or doubt. In the absence thereof, the courts have no
alternative but to give effect to the contract of insurance as

executed by the parties. Accordingly, when the terms of the policy are plain and explicit the courts will not indulge in a forced construction so as to fasten a liability on the insurance company which it has not assumed.''

The provisions of the policy are explicit and, ''There is no room for construction here.'' (See *Travelers Indem. Co.* v. *Kowalski*, 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843].)

Defendant states that since the plaintiffs settled the judgment against Attebery, the defendant was prejudiced by plaintiffs' conduct and in view of *Travelers Indem. Co.* v. *Kowalski, supra,* plaintiffs have no right against defendant under the facts of this case even if the defendant could have shown no such prejudice. In that case, Kowalski, who was involved in an accident with an uninsured motorist, filed suit and prosecuted his action to judgment without the consent of the carrier, obtaining a judgment for $9,500, and then attempted to invoke the uninsured motorist coverage of his policy. Though he won in the lower court, he lost in the appellate court, where it was said at page 610: ''While it is true that insurance contracts are commonly given a liberal interpretation in favor of the insured, and that courts are strongly inclined against forfeitures, it is equally true that language used in an insurance contract must be given its plain and ordinary meaning, and when it is unambiguous it must be given effect. [Citation.] We find no basis for applying the contractual rule that policy '. . . exceptions and exclusions are construed strictly against the insurer and liberally in favor of the insured.' [Citation.] We must and do construe the policy as well as the statute according to its unambiguous language, and when this is done it is clear that because respondent prosecuted his action to judgment against the uninsured motorist without the written consent of his insurer, he is denied the insurance protection established by the statute and described in his policy.''

(This decision would have been the same with or without the statutory provisions of the uninsured motorist clause.)

■ With regard to the argument of the plaintiffs that the damages for personal injuries could not be assigned, it is true that a cause of action for a tort is not assignable, but ''such a claim when merged in a judgment becomes a debt and may be assigned.'' (See *Adams* v. *White Bus Line,* 184 Cal. 710, 712 [195 P. 389]; *Franklin* v. *Franklin,* 67 Cal. App.2d 717, 726 [155 P.2d 637].)

Thus, in this case the judgment could have been assigned to the defendant.

■ As to the point regarding defendant's arbitrarily withholding its consent, the record is devoid of any evidence in this regard, and it is the burden of the plaintiffs to prove that the defendant acted arbitrarily. The matter was submitted on an agreed statement of facts.

In Hastings Law Journal, volume 13, No. 2, page 202, the general rule is stated, i.e., that if the insured makes any settlement with any person who may be legally liable for bodily injury of the insured without the written consent of the insurer, the uninsured motorist coverage does not apply. See *Childs* v. *Allstate Ins. Co.*, 237 S.C. 455 [117 S.E.2d 867, 871], where the plaintiff had been injured and settled with the other party who was uninsured. There the court stated that the insurance company was in no position to invoke the provisions of the policy because when an insurance company denies all liability, an action of law is maintainable to recover the amount of damages which the insured would be entitled to recover if the company had performed its part of the contract.

■ We have concluded that the required consent was not given by the insurance company before the settlement was made and that plaintiffs did not comply with the terms of the uninsured motorist clause of the policy.

The judgment is affirmed.

Stone, J., concurred.

Conley, P. J., deeming himself disqualified, did not participate.

Appellants' petition for a hearing by the Supreme Court was denied January 12, 1966.