[Civ. No. 24393.  First Dist., Div. Four.  Dec. 30, 1969.]

EDWARD J. TERZIAN, Plaintiff and Appellant, v. CALIFORNIA CASUALTY INDEMNITY EXCHANGE, Defendant and Respondent.

COUNSEL

C. Dan Lange and Roger H. Bernhardt for Plaintiff and Appellant.

Partridge, O'Connell & Partridge and Gilbert B. Kirwin for Defendant and Respondent.

OPINION

**RATTIGAN, J.**—Edward J. Terzian (hereinafter "plaintiff"), the insured under an automobile policy issued by defendant insurance carrier, brought this action under the policy's uninsured motorist coverage. He appeals from a judgment for defendant entered after nonjury trial.

Plaintiff's policy included uninsured motorist coverage as required, and with the provisions required, by Insurance Code section 11580.2.[1] The coverage obligated defendant to pay him, subject to a policy limit of $10,000, all sums which he was "legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury . . . caused by accident and arising out of the . . . use of such uninsured automobile; . . ." (See § 11580.2, subd (a).) An arbitration clause (*ibid.,* subd. (d)) provided that if the parties disagreed concerning plaintiff's entitlement to recover such damages or upon the amount due him under the coverage, "then, upon written demand of either," the matters in disagreement "shall be settled by arbitration in accordance with the rules of the American Arbitration Association . . ." Other provisions following the statute's language subrogated defendant to plaintiff's rights against third parties[2] (*ibid.,* subd. (f)), and excluded coverage (*ibid.,* subd. (c)) in specified circumstances.[3]

---

[1] The cited statute, to which we occasionally refer herein as "section 11580.2," was enacted by the 1959 Legislature and repealed and reenacted in 1961. (Stats. 1961, ch. 1189, p. 2921 et seq. [§§ 1, 2].) As will appear, plaintiff's claim under the policy arose when he was injured in July 1960. Accordingly, all references to the statute herein are to the 1959 version. (Stats. 1959, ch. 817, p. 2385 et seq.)

[2] Language under the heading "Trust Agreement" provided among other things that in the event of payment to any person under the uninsured motorist coverage, "such person shall hold in trust" for defendant's benefit "all rights of recovery which he shall have" against the uninsured motorist, and that "such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights."

[3] One of the exclusionary provisions (the only one involved on the appeal, and to which we hereinafter refer as the "exclusionary clause") read in pertinent part as follows: "This policy does not apply under . . . [the uninsured motorist coverage] . . . to bodily injury to 'an insured . . . with respect to which such insured . . . shall, without [defendant's] written consent . . ., make any settlement with or prosecute

Plaintiff received bodily injuries on July 2, 1960, in a three-automobile accident involving vehicles driven by himself, Mario Alvarado and Jack L. Riveness. Alvarado was uninsured. In subsequent discussions and correspondence with defendant in 1961, plaintiff's attorney took the position that Alvarado was responsible for the accident and demanded (1) payment of the full $10,000 policy limit under the uninsured motorist coverage and (2) arbitration of the amount to be paid him as provided therein. Neither demand having been met, plaintiff commenced a superior court action against Alvarado in June 1961, seeking damages for his injuries.[4] His attorney, reporting the status of the Alvarado action to defendant by letter dated October 5, 1961, again demanded arbitration pursuant to plaintiff's policy. Receiving no response, plaintiff commenced the present action in March 1962.

The complaint herein (entitled "Complaint—Breach of Insurance Contract") alleged the policy, the uninsured motorist coverage and the language of the arbitration clause; the facts of the Alvarado accident, plaintiff's injuries and Alvarado's negligence as a proximate cause thereof; that the Alvarado vehicle was an "uninsured automobile"; that plaintiff had performed all his agreements under the policy and had demanded that defendant arbitrate the amount of money due him thereunder; and that defendant had refused to arbitrate, thereby breaching the policy to plaintiff's damage in the amount of $10,000. Answering the complaint, defendant denied that plaintiff had performed under the policy; denied that it had refused to arbitrate or had breached the policy; denied plaintiff's alleged damages; and admitted (by failure to deny) the other allegations of the complaint summarized above.

As originally filed in April 1962, the answer pleaded no affirmative defenses. In 1963, defendant was permitted to file a supplemental answer setting forth the language of the policy's exclusionary clause (quoted in fn. 3, ante) and alleging that, without defendant's written consent, plaintiff had "prosecuted to judgment an action against one Mario Alvarado for the bodily injuries referred to in the complaint on file herein." By reason of the multiple issues thus presented, the pretrial conference order severed them for trial.[5]

---

to judgment any action against any person or organization who may be legally liable therefor; . . ." (See § 11580.2, subd. (c), par. (3).)

[4]We hereinafter refer to this litigation as the "Alvarado action." Plaintiff named both Mario Alvarado and Jack L. Riveness as party defendants therein. As the role of Riveness is not involved on the appeal, we disregard him.

[5]The pretrial conference order provided (1) for trial by the court, first, of the issues raised by the policy defense pleaded in the supplemental answer; (2) for the court's determination whether the allegations thereof were true and stated a valid defense; (3) if the court found adversely to plaintiff on those issues, for the determination whether the trial evidence showed that plaintiff was entitled to judgment against

At the first-phase trial defendant proved that without its consent a judgment for $10,000 and costs, in plaintiff's favor and against Alvarado, had been entered in the Alvarado action on March 8, 1963, pursuant to a formal stipulation executed therein by plaintiff and Alvarado on the same date. The judgment and stipulation were received in evidence at the trial hereof. Pursuant to the latter, the judgment permanently enjoined plaintiff from enforcing it "except for such rights as Plaintiff may have as a judgment creditor to the extent of this judgment in those certain bankruptcy proceedings in the United States District Court for the Northern District of California, Southern Division, entitled 'In the Matter of Mario Alvarado, Bankrupt,' being Action Number 63515 of said Court . . ."

At the conclusion of trial the court made formal findings of fact and conclusions of law.[6] The findings recited the language of the uninsured motorist coverage and of the exclusionary clause in plaintiff's policy, set forth the facts of the 1960 accident and plaintiff's injuries, and summarized the parties' 1961 negotiations. No finding was made as to whether defendant had breached the policy in any respect, but the court found that Alvarado was an "uninsured motorist" and that the aforementioned $10,000 judgment had been entered against him in the Alvarado action on March 8, 1963, without defendant's consent.

Based upon the findings last mentioned, the court stated in its conclusions of law (among other things not involved on the appeal) "1. That plaintiff did prosecute to judgment an action against Mario Alvarado, *a person who might be legally liable* for the bodily injury received [by plaintiff] in the accident on July 2, 1960" (italics added) and "6. Defendant is not obliged to make any payment to plaintiff . . . [under the uninsured motorist coverage] . . . on account of the accident of July 2, 1960." The judgment (that "plaintiff take nothing") followed, thus concluding the action in the first phase specified in the pretrial conference order. (See fn. 5, *ante.*)

Appealing from the judgment, plaintiff relies upon *Calhoun* v. *State Farm Mut. Auto. Ins. Co.* (1967) 254 Cal.App.2d 407 [62 Cal.Rptr. 177]. In that case, an action by an insured under a similar policy, the appellate court held that the insurer could not invoke the exclusionary clause as a defense if it had itself breached the policy in the first instance (*id.*, at pp.

defendant for $10,000; (4) if such determination were negative, for the court's further determination whether the policy's arbitration clause applied; and (5), if the arbitration clause were determined to be inapplicable, for trial (by jury if demanded) of the amount due plaintiff.

[6]The findings and conclusions were not included in the original record on appeal. For assistance in analyzing the judgment from which the appeal is taken, we ordered them transmitted to this court as "paper[s], [or] record[s] . . . used on the trial . . . below and on file in . . . the superior court . . .," whereupon they were deemed part of the record on appeal. (Rule 12 (a), Cal. Rules of Court.)

411-413); plaintiff argues that *Calhoun* applies here because defendant initially breached this policy by refusing to arbitrate. Defendant contends that *Calhoun* does not control because the carrier there breached the policy by wrongfully denying coverage to the insured, whereas it (defendant here) did not deny coverage in the present case, did not refuse to arbitrate, and in any event had not breached the policy. Therefore, defendant argues, plaintiff's prosecution of the Alvarado action to judgment gives it (defendant) a complete defense under the exclusionary clause by reason of the rule established in *Travelers Indem. Co.* v. *Kowalski* (1965) 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843].

The trial court, having concluded in defendant's favor on its policy defense, apparently applied the *Kowalski* rule upon the factual premise that defendant had not breached the policy; and we might perceive, in support of the judgment, an implied finding to that effect. (2 Witkin, Cal. Procedure (1954) Trial,§ 118, par. (1), p. 1850.) ▮ But the opposing arguments do not—as the trial court did not—take into account that, in the Alvarado bankruptcy proceeding mentioned in the evidence, Alvarado filed in bankruptcy on August 3, 1961; (2) that he scheduled as a provable debt therein his prospective liability to plaintiff arising from the 1960 accident (and identified the then-pending Alvarado action by court, title and number); and (3) that he (Alvarado) was discharged in bankruptcy therein in 1961. These facts are not explicitly disclosed in the trial record, but we judicially notice them. (*People* v. *Rojas* (1962) 57 Cal.2d 676, 679 [21 Cal.Rptr. 564, 371 P.2d 300]; *Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 496-497 [15 Cal. Rptr. 87, 364 P.2d 263].)[7]

▮ A discharge in bankruptcy releases the bankrupt from liability upon all his provable debts which existed when the petition in bankruptcy was filed (Bankruptcy Act, § 17, subd. a [11 U.S.C.A. § 35, subd. (a)]; *Douglas* v. *Bergere* (1949) 94 Cal.App.2d 267, 271-272 [210 P.2d 727]; 1 Collier Bankruptcy Manual (2d ed. 1969) § 17.00, p. 205; 9 Am.Jur.2d Bankruptcy, § 743, pp. 554-555) and which were duly scheduled as such in the bankruptcy proceeding. (Bankruptcy Act, § 17, subd. a, par. [3] [11 U.S. C.A. § 35, subd. (a), par. (3)]; 1 Collier *op. cit. supra,* § 17.06, p. 214.)

---

[7]The prerequisites of such judicial notice are (1) that the matters to be noticed be " 'appropriately drawn to the attention' of the court" and (2) that "the opposing party have adequate notice and opportunity to be heard on the question of the effect" thereof. (*People* v. *Rojas, supra,* at pp. 679-680; *Flores* v. *Arroyo, supra,* at p. 497. See Witkin, Cal. Evidence (2d ed. 1966) § 169, pp. 155-157.) The facts noticed herein from the Alvarado bankruptcy proceeding were "drawn to the attention" of this court from the reference thereto in the stipulation and judgment received in evidence from the Alvarado action, and from other unmistakable references thereto in the augmented record on appeal. We afforded the parties an opportunity to be heard on these facts by calling them to the attention of both counsel and hearing further oral argument concerning the "effect" thereof.

Such debts include one "founded upon . . . the right to recover damages in any action for negligence instituted prior to and pending at the time of the filing of the petition . . ." (Bankruptcy Act, § 63, subd. a, par [7] [11 U.S.C.A. § 103, subd. (a), par. (7); 1 Collier, *op. cit. supra,* § 63.17, pp. 777-778; 9 Am.Jur.2d Bankruptcy, §§406 [p. 325], 756 [564-565].)

■ The legislative purpose in enacting the unconsented-judgment exclusion in the uninsured motorist statute (§ 11580.2, subd. (c), par. (3)) was to protect, and to prevent the insured from compromising, the rights against the uninsured motorist to which the insurer is subrogated under subdivision (f) of the statute (*Mills* v. *Farmers Ins. Exchange* (1964) 231 Cal.App 2d 124, 129 [41 Cal.Rptr. 650]; see Eisler, California Uninsured Motorist Law (1969) § 7.5, p. 98), and to which defendant was subrogated under the policy in the present case. (See fn. 2, *ante*.) ■ An unconsented judgment cannot compromise those rights as against an uninsured motorist who is judgment-proof by reason of a discharge in bankruptcy, and it protects the same rights to the extent that the insurer remains subrogated to any recovery by the insured as a creditor-claimant in the bankruptcy proceedings. ■ It thus appears that the Legislature did not intend to require exclusion of uninsured motorist coverage under the circumstances perceived to exist here, and that the parties did not so intend when they contracted under the exclusionary clause in the policy. The *Kowalski* decision does not direct any contrary conclusions; such circumstances did not exist in that case. (*Travelers Indem. Co.* v. *Kowalski, supra,* 233 Cal.App. 2d 607.)

Application of the foregoing considerations to the facts here (as shown in the record and as judicially noticed) would produce, as prospects at least, the successive conclusions (1) that Alvarado's discharge in bankruptcy in 1961 released him from liability for plaintiff's injuries sued upon in that action; (2) that Alvarado was not thereafter "legally liable therefor"; (3) that plaintiff, stipulating to the entry of judgment in the Alvarado action on March 8, 1963, did not—within the meaning of the uninsured motorist statute (§ 11580.2, subd. (c), par. (3)) or of the policy's exclusionary clause founded upon it (see fn. 3, *ante*)—"prosecute to judgment any action against any person who may be legally liable" for his injuries; and (4) that defendant therefore cannot invoke the exclusionary clause as the basis of a policy. defense in this action.

■ Although these prospects require reversal of the judgment because they were not taken into account at the trial, the full legal effect of Alvarado's discharge in bankruptcy depends upon the resolution of certain other questions. One is whether his liability for injury to plaintiff was dischargeable in bankruptcy as one sued upon in an "action for negligence" as that term is defined in the bankruptcy laws (Bankruptcy Act, § 63, subd. a, par.

[7] [11 U.S.C.A. § 103, subd. (a), par. (7)]) or whether it was conceivably "for willful and malicious injuries to the person or property of another" and not dischargeable for that reason. (Bankruptcy Act, § 17, subd. a, par. [2] [11 U.S.C.A. § 35, subd. (a), par. (2)]. See 1 Collier, *op. cit. supra,* § 17.03, p. 211-1-213 [and, particularly, cases cited in fn. 7 on p. 212].) (As we hereinafter mention, defendant has attempted to show the latter on the appeal.) Another question is whether Alvarado's liability, if originally a provable debt in his bankruptcy proceeding, remained such by reason of its allowance or allowability upon liquidation therein. (See Bankruptcy Act, § 57, subd. (d) [11 U.S.C.A. § 93, subd. (d)]; *ibid.,* § 63, subd. d [11 U.S.C.A. § 103, subd (d)]; 1 Collier, *op. cit. supra,* §§ 63.17 [pp. 777-778], 57.11 [pp. 539-543].)

Both parties attempted to have us resolve some of these questions on the appeal; each moved this court (1) for an order augmenting the record on appeal to include various documentary items and (2) to take judicial notice of the matters recited or mentioned therein. Defendant so moved with reference to records of a criminal prosecution in which Alvarado was convicted of felony drunk driving as a result of the 1960 accident; from these records, defendant would have us conclude that Alvarado's liability to plaintiff was "for willful and malicious injuries to the person or property of another" and, hence, not dischargeable in bankruptcy. Augmentation to include some of the items moved by plaintiff is unnecessary because they already appear in the record. Augmentation. to include others, as sought by both parties, would be improper because none were "used on the trial" (rule 12(a), California Rules of Court) or considered by the trial court through judicial notice or otherwise. (*Id.*; see *Gelini* v. *City & County of San Francisco* (1962) 199 Cal.App.2d 340, 348 [18 Cal.Rptr. 853]; cf. *Lipka* v. *Lipka* (1963) 60 Cal.2d 472, 481 [35 Cal.Rptr. 71, 386 P.2d 671].) The matters mentioned in the latter category—and especially those propounded by defendant's motion—are not, in our view, proper subjects of judicial notice for the purposes contemplated by the parties. For these various reasons, we deny both motions.

The unresolved questions should be decided by a trial court, upon conventional evidence and under the general rule that, although the granting of a discharge in bankruptcy is a function of the bankruptcy court, "the effect of a discharge is properly for the determination of any court in which it is duly pleaded or otherwise submitted for judgment." (*Yellow Creek Logging Corp.* v. *Dare* (1963) 216 Cal.App.2d 50, 55 [30 Cal.Rptr. 629].) The trial court can do this at retrial of the first phase hereof, upon relevant proof and consistent with our construction—as applicable—of the exclusionary provision of the uninsured motorist statute herein discussed. (Ins. Code, § 11580.2, subd. (c), par. (3).)

The parties' respective motions for augmentation of the record on appeal, and relative to judicial notice of certain matters, are denied. The judgment is reversed.

Devine, P. J., and Christian, J., concurred.