[Civ. No. 38390. First Dist., Div. Four. Nov. 29, 1976.]

LUMBERMAN'S MUTUAL CASUALTY COMPANY, Plaintiff and Respondent, v. JOHN WYMAN, Defendant and Appellant.

## Counsel

Werchick & Werchick and Jan Champion for Defendant and Appellant.

Ericksen, Ericksen, Lynch, Mackenroth & Arbuthnot and David W. Brennan for Plaintiff and Respondent.

## Opinion

**CHRISTIAN, J.**—John Wyman appeals from a judgment declaring void his claim that respondent Lumberman's Mutual Casualty Company is liable to pay benefits to him under the uninsured motorist provisions of an automobile liability policy issued to his father, Richard Wyman.

The automobile liability insurance policy in question, including uninsured motorist coverage, was in effect when appellant, a pedestrian, was struck by a motorcycle driven by Robert B. Douglas. When he was struck appellant was attempting to assist two motorists who had been involved in an accident which occurred when Ellen Wright made a left turn in front of Emanuel Rendon.

Appellant brought an action against Ellen Wright, Emanuel Rendon, and Robert Douglas, but dismissed Emanuel Rendon with prejudice after determining that Rendon had no insurance.

Appellant thereafter demanded payment from respondent of uninsured motorist's benefits under its policy, claiming that Douglas, the driver of the motorcycle was also uninsured. Appellant asked respondent insurance company for consent to the dismissal of Douglas. He also asked for consent to proceed to judgment against Wright; respondent refused both requests and disputed the uninsured motorist claim.

Nevertheless appellant dismissed Douglas and proceeded to trial against Wright. However, a verdict for Wright resulted. Appellant then resumed pursuit of his uninsured motorist claim under his father's policy, whereupon respondent obtained a declaratory judgment establishing that appellant breached the policy when he dismissed two defendants and proceeded to judgment against the third without the consent of the company. Appellant concedes that he did proceed to judgment against all three defendants without the written consent of the insurance company but argues that the policy only prohibits *settlement* without the written consent of the insurer and that respondent cannot rely on the "unconsented judgment" exclusion of subdivision (c)(3) of section 11580.2 of the Insurance Code because that exclusion was not set forth in the policy.

The Uninsured Motorist Act, set forth in part in section 11580.2 of the Insurance Code, provides, in effect, that each automobile bodily injury liability policy issued or delivered in California shall provide coverage to the insured for bodily injury wrongfully inflicted by an uninsured motorist with limits at least equal to those specified in section 16056 of the Vehicle Code, unless such coverage is waived by written agreement. "If such provisions are not a part of the policy, they will be read into it under the case law of California." (*Kirby* v. *Ohio Cas. Ins. Co.* (1965) 232 Cal.App.2d 9, 11-12 [42 Cal.Rptr. 509]; see also *Modglin* v. *State Farm Mut. Auto. Ins. Co.* (1969) 273 Cal.App.2d 693, 699 [78 Cal.Rptr. 355]; *Hendricks* v. *Meritplan Ins. Co.* (1962) 205 Cal.App.2d 133, 136 [22 Cal.Rptr. 682].)

Subdivision (c) of section 11580.2 of the Insurance Code provides for certain exclusions from the required uninsured motorist coverage. That section reads as follows:

"(c) The insurance coverage provided for in this section does not apply:

"(1) To property damage sustained by the insured.

"(2) To bodily injury of the insured while in or upon or while entering into or alighting from an automobile other than the described automobile if the owner thereof has insurance similar to that provided in this section.

"(3) *To bodily injury of the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor.* (Italics added.)

"(4) In any instance where it would inure directly or indirectly to the benefit of any workers' compensation carrier or to any person qualified as a self-insurer under any workers' compensation law, or directly to the benefit of the United States, or any state or any political subdivision thereof.

"(5) To establish proof of financial responsibility as provided in subdivisions (a), (b), and (c) of section 16054 of the Vehicle Code.

"(6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle.

"(7) To bodily injury of the insured when struck by a vehicle owned by an insured."

In discussing subdivision (c)(3) of the above statute, the court in *Mills* v. *Farmers Ins. Exchange* (1964) 231 Cal.App.2d 124, 129 [41 Cal.Rptr. 650], stated:

"In the 1959 statute there was, as there still is, an exemption for the insurer of an injured person if the insured obtained judgment against or made a settlement with *any person.* (Stats: 1959, p. 2836; Ins. Code, § 11580.2, subd. (c)(3)). It does not seem that this provision was included only for the purpose of preventing double recovery by the insured because there is not merely pro tanto reduction of the injured party's claim against his insurer, but a complete exemption unless the insurer has consented. It is logical to believe that at least one purpose of this exemption is to prevent the insured from interfering with the insurer's right of subrogation." (See also *Terzian* v. *California Cas. Indem. Exch.* (1969) 3 Cal.App.3d 90, 97 [83 Cal.Rptr. 255]; Cal. Uninsured Motorist Practice (Cont.Ed.Bar) p. 31.)

Under its "Coverage J," the policy issued by respondent insurer provided the required uninsured motorist protection for its insured, and it contained the following endorsement:

"Exclusions

"This policy does not apply under Part IV:

"(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile;

"(b) to bodily injury to an insured with respect to which such insured, his legal representative or any person entitled to payment under this coverage shall, without written consent of the company, make any settlement with any person or organization who may be legally liable therefor;

"(c) so as to inure directly or indirectly to the benefit of any workmen's compensation or disability benefits carrier or any person or organization qualifying as a self-insurer under any workmen's compensation or disability benefits law or any similar law."

"Exclusion (b)" under the policy essentially repeats the statutory language (Ins. Code, § 11580.2, subd. (c)(3)) except that the words "or prosecute to judgment any action" are omitted. Appellant contends that the language of the policy thus indicates that it was not the parties' intention to provide for the unconsented judgment exclusion permitted by the statute. Respondent, on the other hand, contends that it may rely on subdivision (c)(3) of section 11580.2 of the Insurance Code even though not expressly set forth in the policy; it argues that subdivision (c)(3) of section 11580.2 of the Insurance Code should be read into the contract as a matter of law and that it controls the present case.

■ The rights of the parties are to be determined by the terms of their policy, provided such policy grants benefits equal to or greater than is required by the Uninsured Motorist Act. (*Cannizzo* v. *Guarantee Ins. Co.* (1966) 245 Cal.App.2d 70, 73 [53 Cal.Rptr. 657]; *Grunfeld* v. *Pacific Auto. Ins. Co.* (1965) 232 Cal.App.2d 4, 6 [42 Cal.Rptr. 516].) As the court stated in *United Services Automobile Assn.* v. *Kresch* (1975) 48 Cal.App.3d 640, 647 [121 Cal.Rptr. 773]:

"The insurer by contract may assume a liability in respect of uninsured motorists beyond that required by statute. (Eisler, Cal. Uninsured Motorists Law Handbook (2d ed. 1974) Conflicts between Statute and Policy Provisions, § 1.10, p. 11; *Kirby* v. *Ohio Cas. Ins. Co.* (1965) 232 Cal.App.2d 9, 13 [42 Cal.Rptr. 509]; *White* v. *Farmers Ins. Exchange* (1962) 207 Cal.App.2d 667 [24 Cal.Rptr. 755].)"

Respondent relies principally on *Civil Service Employees Ins. Co.* v. *Ricard* (1971) 14 Cal.App.3d 400 [92 Cal.Rptr. 325] and *Travelers Indem.*

*Co.* v. *Kowalski* (1965) 233 Cal.App.2d 607 [43 Cal.Rptr. 843] in arguing that the statutory language is unequivocal and capable of only one construction. But nowhere in *Ricard* are the relevant provisions of the insurance policy set forth. However, *Ricard* relies heavily on *Kowalski.* Respondent quotes the following language from *Kowalski, supra,* 233 Cal.App.2d at p. 610: "We must and do construe the policy as well as the statute according to its unambiguous language, and when this is done it is clear that because respondent prosecuted his action to judgment against the uninsured motorist without the written consent of his insurer, he is denied the insurance protection established by the statute and described in his policy."

Evidently, the court was interpreting the *statute* when it declared that there was no room for construction in that case. The statute was controlling in *Kowalski* because the insurance policy incorporated the statute within the express terms of the policy: "Here no question is raised concerning a difference in language between the statute and the policy because the policy repeats the pertinent provisions of the statute in almost identical language."

In *McKinney* v. *Farmers Ins. Exch.* (1973) 32 Cal.App.3d 947 [108 Cal.Rptr. 581], the court was concerned with an inconsistency in the insurance contract and another of the statutory exclusions permitted by Insurance Code section 11580.2, subdivision (c).[1]

The *McKinney* court stated:

"It is first to be noted that the insurance coverage provided for by section 11580.2 is a mandatory *minimum* uninsured motorist coverage which every policy must provide by law. . . .

"Section 11580.2, however, cannot be read to allow only the minimum coverage and no more. Therefore, the exclusion of insureds injured while

---

[1]*McKinney* involved subdivision (c)(6) of section 11580.2. That section reads as follows:

"(c) The insurance coverage provided for in this section does not apply:

". . . . . . . . . . . . . . . . . . .

"(6) To bodily injury of the insured while occupying a motor vehicle owned by an insured, unless the occupied vehicle is an insured motor vehicle."

occupying an uninsured motor vehicle owned by themselves must be found in the policy itself in this case.

"﹒  .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"[The rules peculiar to the interpretation of insurance policies] have been recently summarized by the California Supreme Court as follows: '. . . Any ambiguity or uncertainty in an insurance policy is to be resolved against the insurer. If semantically permissible, the contract will be given such construction as will fairly achieve its manifest object of securing indemnity to the insured for the losses to which the insurance relates. Any reasonable doubt as to uncertain language will be resolved against the insurer whether that doubt relates to the peril insured against or other relevant matters. [Citation.] The policy should be read as a layman would read it and not as it might be analyzed by an attorney or an insurance expert. [Citation.] An exclusionary clause must be conspicuous, plain and clear [citation] and must be construed strictly against the insurer and liberally in favor of the insured [citations].' (*Crane* v. *State Farm Fire & Cas. Co.*, 5 Cal.3d 112, 115-116 [95 Cal.Rptr. 513, 485 P.2d 1129, 48 A.L.R.3d 1089].)" (*McKinney* v. *Farmers Ins. Exch., supra,* 32 Cal.App.3d at pp. 949-951.)

■ There is no doubt that an insurance company can limit the coverage of a policy issued by it as long as such limitation conforms to the law and is not contrary to public policy; when it has done so the plain language of the limitation must be respected. (*Hendricks* v. *Meritplan Ins. Co., supra,* 205 Cal.App.2d 133, 137.) ■ But the plain language of the limitation in question here refers only to an exclusion in the event of unconsented settlement; there is no mention of a consent condition to obtaining judgment, although it is clear that such a limitation is permissible under paragraph (3) of subdivision (c) of section 11580.2 of the Insurance Code. Here, the plain language of the insurance contract does not support respondent's defense against liability.

■ To the extent that there may be any ambiguity in the terms of the policy, that ambiguity must be resolved against respondent insurer. (*Bohlert* v. *Spartan Ins. Co.* (1969) 3 Cal.App.3d 113, 119 [83 Cal.Rptr. 515].) ■ In the absence of a specific provision in the policy

prohibiting the insured from prosecuting to judgment any action without the written consent of the insurer, respondent is not entitled to rely on subdivision (c)(3) of section 11580.2 of the Insurance Code.

The judgment is reversed.

Caldecott, P. J., and Rattigan, J., concurred.