[Civ. No. 26758. First Dist., Div. Two. Jan. 15, 1971.]

CIVIL SERVICE EMPLOYEES INSURANCE COMPANY,
Plaintiff and Respondent, v.
VERA ABELS RICARD, Defendant and Appellant.

## COUNSEL

Molly H. Minudri for Defendant and Appellant.

Frederick Mahan for Plaintiff and Respondent.

## OPINION

**SHOEMAKER, P. J.**—This is an appeal by defendant Vera Ricard from a judgment enjoining her from proceeding to arbitrate or otherwise attempting to enforce against plaintiff Civil Service Employees Insurance Company (hereafter "Civil Service") an uninsured motorist insurance claim asserted by defendant.

The record shows that on September 6, 1966, Vera Ricard and her brother, Irwin Ford, sued to recover damages for the wrongful death of their father, Jesse Ford, as a result of injuries sustained when he was struck by a car. The first count of the complaint sought damages in the amount of $100,000 against William Burton, whose negligence was alleged to have caused the decedent's death. In the second count of the complaint, Vera Ricard sought to recover $10,000 from Civil Service. She alleged that a policy issued to her by Civil Service extended $10,000 in coverage in the event that her father, a resident of her household, was killed by an uninsured motorist. She further alleged that Burton was an uninsured motorist, but that Civil Service had refused her demand for payment of the $10,000.

On September 26, 1966, Civil Service moved to strike said second count, alleging that the insurance policy issued to Vera Ricard required arbitration of uninsured motorist claims; that Civil Service was ready, willing and able to proceed with arbitration but that Vera Ricard had failed to file an application for arbitration.

Thereafter, the court granted Civil Service's motion to strike and sub-

sequently Vera Ricard filed a demand for arbitration of her claim against Civil Service with the American Arbitration Association.

Concurrently with the filing of her demand for arbitration, Vera Ricard went forward on the first count of her complaint and on January 13, 1967, a default judgment was entered against Burton and in favor of Vera Ricard in the amount of $10,000.

Thereafter, on February 9, 1967, Civil Service commenced the instant action against Vera Ricard, seeking to enjoin her from proceeding any further with her claim against Civil Service. As grounds for such relief, Civil Service alleged that pursuant to Insurance Code section 11580.2, subdivision (c)(3), Vera Ricard had forfeited her right to uninsured motorist coverage by obtaining the judgment against Burton without the written consent of Civil Service.

On December 16, 1968, the court rendered a judgment in favor of Civil Service and issued a permanent injunction prohibiting Vera Ricard from proceeding further against Civil Service.

■ Appellant Ricard's position, both in the trial court and on appeal, is that when respondent insurer appeared in the prior action, brought by appellant, with its motion to strike and indicated its desire to arbitrate, it impliedly gave its consent that appellant should prosecute the action to judgment against Burton. Appellant contends that under such circumstances, respondent insurer is estopped to assert that appellant forfeited her uninsured motorist coverage by obtaining the judgment against Burton. Appellant's position is without merit.

Insurance Code section 11580.2, subdivision (c)(3), provides that uninsured motorist coverage does not apply "To bodily injury of the insured with respect to which the insured or his representative shall, without the written consent of the insurer, make any settlement with or prosecute to judgment any action against any person who may be legally liable therefor."

In *Travelers Indem. Co.* v. *Kowalski* (1965) 233 Cal.App.2d 607, 610 [43 Cal.Rptr. 843], it was held that the above-quoted language was devoid of ambiguity and perfectly clear. "It declares with certainty that the insurance provided in the statute does not apply when the insured, without the written consent of the insurer, prosecutes to judgment any action against the uninsured motorist. There is no room for construction here."

In the instant case, it is undisputed that appellant did obtain judgment against the uninsured motorist and that she did so without the consent of respondent insurer.

Appellant argues that she had no alternative but to obtain judgment

against Burton because she was not entitled to seek arbitration of her claim more than one year after the accident which caused the death of her decedent. However, a reading of Insurance Code section 11580.2, subdivision (h) (the pre-1967 code), lends no support to this contention. The subdivision in question provides that no cause of action for uninsured motorist coverage shall accrue to the insured unless within one year from the date of the accident, suit for bodily injury has been filed against the uninsured motorist *or* agreement as to the amount due under the policy has been concluded *or* the insured has formally instituted arbitration proceedings. (Stats. 1963, ch. 410, p. 1218.) In the instant case, appellant preserved her rights against respondent insurer by filing suit against Burton within one year after the accident, and there was obviously no necessity that she also commence arbitration proceedings within one year of the accident. Respondent insurer has never made any claim to the contrary and indicated its willingness to arbitrate in September 1966, when it moved to strike appellant's cause of action against it on the policy.

Appellant cites *Calhoun* v. *State Farm Mutual Auto. Ins. Co.* (1967) 254 Cal.App.2d 407 [62 Cal.Rptr. 177], as authority for her claim that she did not forfeit her uninsured motorist coverage by obtaining the judgment against Burton without the written consent of respondent insurer. However, that case is totally dissimilar from the case at bar. In *Calhoun,* the plaintiff's decedent died as a result of a collision with a car driven by one Bach, who had $5,000 in insurance coverage. Plaintiff herself had uninsured motorist coverage in the amount of $10,000, and she demanded that her insurer pay her the $5,000 difference between Bach's insurance coverage and her own. When her insurer flatly denied coverage on the ground that Bach was not an uninsured motorist, plaintiff advised her insurer that she was going to settle her claim against Bach for his policy limit of $5,000 and continue to look to her own insurer for the other $5,000. She thereafter effected such a settlement with Bach. This court held that she did not forfeit her uninsured motorist coverage by so doing because she had settled her claim against Bach only after her own insurer had breached and repudiated its policy and had denied all liability. The insurer's conduct, which occurred at a time when plaintiff had in no way defaulted in her obligations, constituted a total refusal to perform and foreclosed the insurer from complaining of plaintiff's subsequent breach of a policy provision inserted for the insurer's benefit.

The instant case bears no factual resemblance to the *Calhoun* case, since respondent insurer at no time repudiated its policy or denied coverage. Although respondent did move to strike appellant's cause of action when she brought suit against respondent on the policy, it was merely seeking

to compel appellant to arbitrate the issue of the uninsured motorist's liability to appellant. This was unquestionably proper, since subdivision (e) of Insurance Code section 11580.2 (the pre-1967 code), states in pertinent part that "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages, and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration." (Stats. 1963, ch. 410, p. 1218.)

Judgment affirmed.

Taylor, J., and David, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.