[Civ. No. 13441.   Second Dist., Div. Three.   Apr. 19, 1943.]

CHRISTINE LANGENBEIN, Respondent, v. CHARLES J. McCORMICK, Appellant.

Morin, Newell, Brown & Hamill for Appellant.

John C. Packard for Respondent.

SHINN, Acting P. J.—In an action tried by the court, plaintiff recovered damages sustained in a physical encounter with defendant, upon findings that defendant unlawfully assaulted plaintiff, struck and beat her, causing her to fall and to sustain serious injuries. Defendant also lost on his cross-complaint for damages and he appeals.

The only contention made is that the evidence in the view most favorable to plaintiff, shows conclusively that defendant was not at fault in the brawl, which he started by striking plaintiff's son on the head with a blackjack. His argument goes entirely to the weight, and not to the legal sufficiency, of the evidence, but we shall nevertheless state our reasons for affirming the judgment.

Defendant owned a residence in the city of Pasadena which he had rented to plaintiff's daughter. Plaintiff was in charge of the place while the daughter was away and, with the assistance of her adult son Charles, was making preparations to move out. Defendant approached Charles with a request that he be allowed to go into the attic to repair a broken window. When Charles offered to speak to his mother about it, defendant went to his home and returned with a blackjack in his pocket. This, he said, was because he weighed only 139 pounds and he knew that in any encounter he might have with Charles he would have to concede the latter some 50 or 60 pounds. Charles, having consulted his mother, informed defendant that she refused to see him. Defendant shoved Charles aside as both entered the rear of the house; Charles refused defendant permission to mount the stairs leading from the back porch to the attic, and while he and defendant were shoving each other around, defendant suddenly took the blackjack out of his pocket and struck Charles two glancing blows on the head. Charles, who had received scientific training for such emergencies in his younger days, seized one of defendant's arms, pinioned the other one holding the blackjack, applied pressure with his knee in approved fashion, threw himself over backwards, and pulled defendant down on top of him with the blackjack held under his, Charles', body. Charles, fearing to release defendant, called to his mother for help and she came to his assistance. Defendant, although held down, was fighting vigorously with his left arm free. At one time he seized Charles' face with his free hand and plaintiff pulled his fingers away one by one. At Charles' request she endeavored to secure the blackjack, which, while immobile, was tightly clasped in defendant's right hand. While she was thus engaged defendant was striking her and pushing her with his free arm. Plaintiff tugged at the blackjack and when it appeared that she would be unable to wrest it from defendant's grasp Charles pulled down defendant's head and bit him four or five times on the ear. Coincidentally defendant released his hold on the blackjack, whereupon plaintiff, with the blackjack in her hand, was deposited heavily upon the floor in a sitting posture. The hostilities, which had lasted some fifteen minutes, ended at this point, and, except for the ensuing litigation, were not resumed. Plaintiff sustained a compression fracture of the body

of the fifth lumbar vertebra, suffered considerable pain, was in bed three weeks at home and 45 days at the hospital. At the time of trial nearly two years after the injury, her ultimate recovery was considered probable. She was awarded $1,500 as general damages and $357.62 for her medical and hospital expenses.

Upon these facts defendant does not appear to have been blameless as a matter of fact, certainly not as a matter of law. He entered the house wrongfully, after having been refused admission, endeavored to force his way upstairs with the use of the blackjack, and appears to have been the aggressor. In the ensuing fracas plaintiff had the right to go to her son's defense, regardless of the latter's size or age. Her efforts to gain possession of the weapon were essentially defensive. Charles insisted that in seizing and throwing defendant he acted in self-defense. In answer to the court's question concerning his tactics in meeting his antagonist, he testified: "It was a mechanical operation rather than a mental operation, as your modulla oblongata operates there; it is mechanical, not mental." The trial judge was entitled to draw his own conclusions from this testimony. There was no error in fastening responsibility upon defendant for plaintiff's injuries, which resulted proximately from defendant's entry into the house and assault upon plaintiff's son. The award of damages was quite modest.

The judgment is affirmed.

Wood (Parker), J., and Shaw, J. pro tem., concurred.