[Civ. No. 16670.   Second Dist., Div. Three.   Oct. 25, 1949.]

DONALD W. DOUGLAS, Appellant, v. A. L. BERGERE et al., Respondents.

Fleming, Robbins & Tinsman for Appellant.

Reynolds, Painter & Cherniss and Louis Miller for Respondents.

VALLÉE, J.—Appeal by plaintiff from a judgment for defendants in an action for damages for the alleged breach of an oral contract to deliver shares of stock to plaintiff.

Douglas Oil & Refining Company is a corporation. Pursuant to a preorganization agreement between appellant Douglas, respondents and one Stratton, 110,000 of its common shares were issued to respondents Bergere and Andrews, 55,000 shares to each. The stock is called "nickel stock" as it was purchased at 5 cents a share. The corporation needed additional funds. About November 1, 1941, appellant and Stratton on the one hand, and Bergere and Andrews on the other, made an oral contract whereby Douglas and Stratton agreed to assist in raising the additional funds, and Bergere and Andrews agreed to transfer 55,000 shares of the nickel stock to them. Douglas claims Bergere and Andrews jointly and severally agreed to transfer 55,000 shares of nickel stock to himself and Stratton. Respondents claim the contract was several and that it was agreed Bergere was to transfer 27,500 shares of nickel stock to Stratton and Andrews was to transfer

27,500 shares of nickel stock to Douglas. Douglas and Stratton performed and the additional funds were secured. Thereafter Bergere transferred 27,500 shares of nickel stock to Stratton and Andrews transferred 13,252 shares of nickel stock and 14,248 shares standing in the name of Comet Oil Company, Ltd., to Douglas. Comet was a limited partnership, of which Andrews was sole general partner.

Comet was adjudicated bankrupt about one month after the transfers to Douglas. Andrews was adjudicated bankrupt about five months later. The bankruptcy proceedings were consolidated. The trustee instituted proceedings against Douglas to recover the stock delivered to Douglas by Andrews or its value. A compromise was effected between the trustee and Douglas, which was approved by the bankruptcy court, by which the 14,248 shares transferred by Andrews to Douglas were transferred by Douglas to the trustee and the proceedings instituted by the trustee dismissed with prejudice.

The complaint sought recovery of damages for the alleged refusal of Bergere and Andrews to transfer 14,248 shares of nickel stock to Douglas. The court found that: Stratton was agent for Douglas; the contract was several; Bergere agreed to and did transfer 27,500 shares of nickel stock to Stratton; Andrews agreed to transfer 27,500 shares of nickel stock to Douglas; Andrews, pursuant to instructions of Stratton as agent of Douglas, and pursuant to agreement between Douglas and Stratton, transferred to Douglas 13,252 shares of nickel stock and 14,248 shares standing in the name of others, but which had arisen out of the 55,000 nickel shares belonging to Andrews, and which were the subject of the original contract; Bergere and Andrews performed all covenants and conditions of the contract.

Appellant Douglas contends that (1) respondents are jointly and severally liable; (2) the findings are not supported by the evidence.

Civil Code, section 1430, reads: "An obligation imposed upon several persons, or a right created in favor of several persons, may be: 1. Joint; 2. Several; or, 3. Joint and several." Civil Code, section 1659, reads: "Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several." The presumption is not conclusive. (Code Civ. Proc., § 1962.) It is rebuttable but controls in the absence of evidence to the contrary. (*Gummer* v.

*Mairs,* 140 Cal. 535, 537 [74 P. 26].) It may be controverted by other evidence. (Code Civ. Proc., § 1961.) ■ When controverted by other evidence an issue of fact is made for the determination of the trial court and its conclusion is conclusive upon a reviewing court unless it is clearly unsupported by substantial evidence. (*Simonton* v. *Los Angeles T. & S. Bank,* 205 Cal. 252, 258 [270 P. 672] ; *Siegell* v. *York,* 84 Cal. App.2d 383, 388 [191 P.2d 50] ; *Estate of Ades,* 81 Cal.App.2d 334, 337 [184 P.2d 1] ; *Leathers* v. *Leathers,* 77 Cal.App.2d 134, 141 [174 P.2d 875].) The Restatement defines a several promise as follows : ''Where two or more parties to a contract promise separate performances, to be rendered respectively by each of them, or where each of them makes only a separate promise that the same performance shall be rendered, each is severally bound for the performance which he promises and is not bound jointly with any of the others.'' (Rest., Contracts, § 113; see, also, *Spangenberg* v. *Spangenberg,* 19 Cal.App. 439 [126 P. 379] ; *Los Angeles National Bank* v. *Vance,* 9 Cal. App. 57, 60 [98 P. 58], 17 C.J.S. §§ 349, 352, pp. 805, 807.)

■ In determining whether the promises were several or joint and several, when uncertainty arises concerning the meaning of a contract, the language used by the parties is to be considered in the light of the surrounding circumstances and of the practical and mutual construction placed thereon as shown by their acts and conduct before any controversy has arisen between them. (*Johnston* v. *Landucci,* 21 Cal.2d 63, 70 [130 P.2d 405, 148 A.L.R. 1355] ; *Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 761 [128 P.2d 665] ; *Eggert* v. *Pacific States S. & L. Co.,* 57 Cal.App.2d 239, 242 [135 P.2d 412, 136 P.2d 822] ; *Weaver* v. *Grunbaum,* 31 Cal. App.2d 42, 49 [87 P.2d 406].)

Bergere agreed to give up one-half of his nickel stock and Andrews one-half of his. Stratton, who was agent for Douglas, knew that Andrews did not have 27,500 nickel shares. Stratton knew that Andrews had transferred nickel shares to purchase the interests of his partners in Comet. Stratton knew that the 14,248 shares were to come from, and that they did come from, shares of Comet. Stratton was president of the corporation. He directed Bergere, who was secretary-treasurer, to transfer 27,500 of the nickel stock to himself (Stratton), and 27,500 shares made up of 13,252 shares of nickel stock and 14,248 shares of Comet stock to Douglas. Stratton countersigned the certificates issued to Douglas. Before the transaction was consummated, an escrow holder handling the transac-

tion notified Douglas in writing that the shares were held for him and that the 14,248 shares were transferred to him from Comet. Douglas, after receiving this notice, joined in an application to the Commissioner of Corporations for approval of the transfer of the 14,248 shares to himself. In this application it was stated that the transfer was ''distinctly personal'' between Comet and Douglas. Douglas appointed Stratton his proxy to vote the stock at a stockholders' meeting. Stratton exercised the power. In the bankruptcy proceedings Douglas at all times asserted that his title to the 14,248 shares was good. In effecting the compromise with the trustee he stated to the Commissioner of Corporations that he was the owner of the shares.

▪ The presumption created by Civil Code, section 1659, is merely a species of evidence. It is the weakest and least satisfactory character of evidence. (*Simonton* v. *Los Angeles T. & S. Bank,* 205 Cal. 252, 258 [270 P. 672].) ▪ The presumption was controverted by the evidence narrated and the reasonable inferences therefrom, thereby creating an issue of fact for the determination of the trial court. Its determination is conclusive here. The evidence was sufficient to justify the court in concluding that the contract was several and not joint and several. ▪ If two persons bind themselves severally in respect to the same subject matter each obligor is liable only for his several promise and cannot be held for the other. Failure of Andrews to perform could not enlarge the liability incurred by Bergere. The evidence supports the findings that the promises of Bergere and Andrews were several and not joint and several and that Bergere performed the contract when he transferred 27,500 nickel shares to Stratton.

Appellant's other points are predicated on the assumption that the promises of respondent were joint and several. They need not be considered as to respondent Bergere in view of our holding that the findings that the promises were several and that he performed the contract are supported by the evidence. The transfer in question was made in July, 1942. On December 31, 1942, Andrews was adjudicated bankrupt. Douglas had such knowledge of the bankruptcy proceedings as is contemplated by section 17-a of the Bankruptcy Act within 30 days after the proceeding was commenced. (11 U.S.C.A. App. § 35.) Andrews was discharged in bankruptcy on March 3, 1944. ▪ A discharge in bankruptcy releases the bankrupt from all of his provable debts which existed on the

day on which the petition was filed, except such debts as are, by the express terms of the Bankruptcy Act, excepted from the operation of a discharge. (52 Stats. 851, 11 U.S.C.A. App. § 35; 6 Am.Jur. § 481, p. 800.) The alleged obligation sued on in the present case is not excepted from the operation of a discharge. (11 U.S.C.A. App. § 35; 6 Am.Jur. § 502 et seq., p. 811.) The judgment for respondent Andrews was therefore proper.

Affirmed.

Shinn, P. J., and Wood, J., concurred.