NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUN PACIFIC MARKETING
COOPERATIVE, INC.,

Plaintiff - Appellant,

v.

DIMARE FRESH, INC.,

Defendant - Appellee.

No. 12-17378

D.C. No. 1:06-cv-01404-AWI-GSA

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Senior District Judge, Presiding

Argued and Submitted January 15, 2015
San Francisco California

Before: WALLACE, M. SMITH, and FRIEDLAND, Circuit Judges.

Sun Pacific Marketing Cooperative, Inc. appeals from the district court's

decision holding that Sun Pacific breached its contract with DiMare Fresh, Inc. and

awarding damages to DiMare.   The district court found that Sun Pacific's packing

records were unreliable, and that Sun Pacific therefore had not met its burden of

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

proving a product shortage, as would be necessary to invoke the contract's Act of God clause. The district court further found that, to the extent DiMare agreed to modify the contract, it did so while explicitly reserving its right to contest the invocation of the Act of God clause. We review *de novo* the district court's conclusions of law, including interpretation of contracts and statutes, and we review findings of facts for clear error. *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009); *Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002).

The district court did not err by holding that Sun Pacific breached the contract. Neither party contests the district court's interpretation that "there was a 'product shortage' of a category of tomato when Sun Pacific did not pack enough to fulfill the Contract quantities." Sun Pacific's packing records do not fully account for all of the tomatoes Sun Pacific shipped, so it was not clear error for the district court to find that the packing records were unreliable evidence of how many tomatoes Sun Pacific actually packed. Because Sun Pacific provided no other credible evidence that it did not pack enough tomatoes, it did not meet its burden to prove a product shortage. The district court therefore correctly concluded that Sun Pacific breached the contract by invoking the Act of God

2

clause.

The district court also did not err in concluding that DiMare had reserved its rights under the original contract. Under California law, "[a] party that with explicit reservation of rights performs or promises performance or assents to performance in a manner demanded or offered by the other party does not thereby prejudice the rights reserved." Cal. Com. Code § 1308. The testimony at trial supported the district court's finding that, to the extent DiMare agreed to a contract modification, it did so while explicitly informing Sun Pacific that it would dispute Sun Pacific's invocation of the Act of God clause. The district court did not err in concluding that this constituted an express reservation of rights to assert the terms of the original contract.

**AFFIRMED.**