**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership, | No. 20-55206 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01411-JLS-BLM |
| and | |
| STEPHEN MICHAEL LOBBIN, | MEMORANDUM* |
| Intervenor-Plaintiff, | |
| v. | |
| TARGET CORPORATION, a Minnesota corporation, | |
| Defendant-Appellee, | |
| and | |
| AMAZON.COM, INC., a Delaware corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted March 5, 2021

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  KLEINFELD, CALLAHAN, and HIGGINSON,** Circuit Judges.
Dissent by Judge KLEINFELD

The Eclipse Law Group LLP ("Eclipse") appeals the district court's denial of Eclipse's motion to enforce a settlement agreement against Target Corporation, and the district court's subsequent denial of Eclipse's motion for reconsideration. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Eclipse claims that the settlement agreement unambiguously imposes joint and several liability on Target and Kmart for the full $425,000 settlement payment.  "Contract interpretation is a question of law that we review *de novo*." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009).

Section 3 of the settlement agreement establishes the payment terms.  That section provides in relevant part that

> Target and Kmart agree to cause Eclipse and [intervenor plaintiff Stephen] Lobbin to be paid a collective sum of $425,000.00. . . . Eclipse and Lobbin recognize that Target and Kmart will each pay a portion of the Settlement Payment and Eclipse and Lobbin may receive their payments in one or more checks/wire payments from Target and/or Kmart.

Eclipse contends that this language makes it clear that Target and Kmart agreed to

---

**      The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

be jointly liable for the collective settlement payment and that Target and Kmart would independently work out their respective contributions.

We disagree that this language plainly imposes joint liability on the retailers. While the provision stating that "Target and Kmart agree to cause Eclipse and Lobbin to be paid a collective $425,000.00" is susceptible to that interpretation, the subsequent provision recognizing that the retailers would "each pay a *portion* of" that amount suggests a contrary intent to create several liability. We find that the language of the agreement is ambiguous on this point.

The context of the litigation, in which Target and Kmart were sued to recover unpaid legal fees that they incurred in separate cases in which they were not co-defendants, supports the district court's resolution of this ambiguity in Target's favor. According to Eclipse's complaint, approximately 30 percent of the unpaid fees were accrued defending Kmart in a suit in which Target was not a party. Eclipse cites nothing in the record suggesting that Target had any reason to assume liability for Kmart's legal fees in that case.

We reject the argument that, given the contract's lack of a clear statement regarding Target's and Kmart's respective liabilities, the background presumption of joint liability provided by California Civil Code sections 1659 and 1660 controls. Cal. Civ. Code § 1660 ("A promise, made in the singular number, but executed by several persons, is presumed to be joint and several."); *see also id.*

3

§ 1659 ("Where all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several.").  This presumption is rebuttable and has been described as "the weakest and least satisfactory character of evidence." *Douglas v. Bergere*, 94 Cal. App. 2d 267, 271 (1949) (describing Civil Code section 1659).  The agreement's statement that Target and Kmart would "each pay a portion of" the settlement amount, plus Eclipse's admission in the complaint that Target and Kmart were not jointly liable for the payment of the legal fees which were the subject of the litigation, are sufficient to overcome this presumption here.

2.      Eclipse next argues that the district court erred by using extrinsic evidence of the parties' negotiations to vary the terms of the settlement agreement. The district court's application of the parol evidence rule is reviewed de novo. *Jinro Am. Inc. v. Secure Investments, Inc.*, 266 F.3d 993, 998–99, *opinion amended on denial of reh'g*, 272 F.3d 1289 (9th Cir. 2001).  "When a district court makes factual findings derived from extrinsic evidence used to interpret a contract, we review for clear error."  *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1041 (9th Cir. 2020).

The parol evidence rule "provides that when parties enter an integrated written agreement, extrinsic evidence may not be relied upon to alter or add to the terms of the writing."  *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod.*

4

*Credit Assn.*, 55 Cal. 4th 1169, 1174 (2013); Cal. Civ. Proc. Code § 1856; Cal. Civ. Code § 1625. "Extrinsic evidence is admissible, however to explain what the parties meant by the language they used." *Aragon-Haas v. Family Sec. Ins. Servs., Inc.*, 231 Cal. App. 3d 232, 240 (1991).

Eclipse contends that even if the settlement agreement was ambiguous as to whether Target and Kmart are jointly liable for the settlement payment, the agreement was integrated and the district court improperly used extrinsic evidence to effectively add terms liquidating each company's liability for the payment to the agreement. We disagree. The settlement agreement's ambiguous language regarding Target's and Kmart's respective liability was reasonably susceptible to the interpretation that the retailers intended to split their payment consistent with the complaint's allegations regarding their respective liabilities for unpaid legal fees incurred in different lawsuits. This interpretation was supported by counsel for the retailers' communications to Eclipse during settlement negotiations that Target contemplated a two-thirds/one-third payment split with Kmart, with Target being willing to pay no more than $300,000. The district court did not clearly err in finding that this extrinsic evidence supported Target's interpretation of the contract.

Further, even if Eclipse were correct that the district court erroneously applied the parol evidence rule, it is unclear what relief Eclipse seeks on this point.

5

For the reasons set forth above, we disagree that the absence of language precisely allocating Target's and Kmart's respective liabilities necessarily means that the parties intended that the retailers be jointly liable. Eclipse's opening brief opaquely suggests that if the settlement agreement does not clearly impose jointly liability, the agreement may be unenforceable for lack of mutuality. But at oral argument, counsel for Eclipse explicitly stated that Eclipse was not arguing that the settlement agreement should be declared void. We thus find any argument that the contract should be voided for lack of mutuality to be waived. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994).

Ultimately, the district court interpreted a poorly-worded contract in a reasonable way that gave effect to the parties' realistic expectations given its unchallenged evidentiary conclusions. Accordingly, we affirm the district court's denial of Eclipse's motions.

3.    Finally, Target's motion to strike the Lobbin's brief (ECF No. 29) is granted. Lobbin did not file a notice of appeal, and Eclipse raised no arguments that were adverse to Lobbin in its briefing. Lobbin's request for sanctions for having to defend Target's motion to strike (ECF No. 30) is thus denied.

**AFFIRMED**.

*The Eclipse Group LLP v. Target Corp.*, No. 20-55206

KLEINFELD, Senior Circuit Judge, dissenting:

Under California law, "[w]here all the parties who unite in a promise receive some benefit from the consideration, whether past or present, their promise is presumed to be joint and several."[1] And "[a] promise, made in the singular number, but executed by several persons, is presumed to be joint and several."[2] The parties signed the settlement agreement against the background of these statutes, so the starting point for interpreting this contract is a presumption of joint and several liability. This presumption is rebuttable, but it controls in the absence of evidence to the contrary.[3]

The terms of the contract do not rebut the presumption. The settlement agreement requires Target and Kmart "to cause Eclipse and Lobbin to be paid a

---

[1] Cal. Civ. Code § 1659.

[2] Cal. Civ. Code § 1660.

[3] *See Kaneko v. Okuda*, 15 Cal. Rptr. 792, 798 (Dist. Ct. App. 1961); *see also Vons Companies, Inc. v. U.S. Fire Ins. Co.*, 92 Cal. Rptr. 2d 597, 606 (Ct. App. 2000), *as modified* (Mar. 6, 2000).

collective sum of $425,000.00." These words straightforwardly impose joint and several liability. If the parties meant to impose only several liability, they would have specified that each was liable for some smaller portion of the $425,000. But they did not. The contract plainly requires Target and Kmart to ensure that Eclipse and Lobbin are paid the full "collective sum."

On the next page of the agreement, it says, "Eclipse and Lobbin recognize that Target and Kmart will each pay a portion of the Settlement Payment and Eclipse and Lobbin may receive their payments in one or more checks/wire payments from Target and/or Kmart." This recognition that Target and Kmart will each wire a payment or send a check for a portion of the settlement is perfectly compatible with each being on the hook for the rest if the other refuses to pay. Again, if the parties meant to impose several liability, this would have been the perfect place for them to specify the amounts that Target and Kmart were each liable for. The contract is clear and the majority finds ambiguity where there is none.

The extrinsic evidence in the record, even if it is admissible, also does not rebut the presumption of joint and several liability. Target's attorney claims that, during settlement negotiations, he expressed that his client wished to be liable for only a portion of the settlement amount. But nothing in the record indicates that Eclipse ever agreed to this. The goal of contract interpretation is to identify the parties' mutual intent.[4] That Target proposed several liability for only a portion of the collective sum, but no such term made it into the contract, suggests that the parties ultimately did not agree on several liability.

The majority emphasizes the context of the lawsuit that gave rise to this settlement agreement. Eclipse sued Target and Kmart for unpaid legal fees that each allegedly incurred when Eclipse represented them in separate lawsuits. The majority reasons that Target would only have agreed to settle if its liability were capped at the amount in legal fees that it allegedly owed. But Eclipse sued Target and Kmart together, and co-defendants might have any number of reasons to

---

[4] *See Cnty. of San Diego v. Ace Prop. & Cas. Ins. Co.*, 118 P.3d 607, 612 (Cal. 2005) (citing *Bank of the West v. Super. Ct.*, 833 P.2d 545, 552 (Cal. 1992)).

accept joint and several liability in a joint settlement agreement, including their assessment of the strength of the complaint, their desire for a quick and efficient resolution of the case, their confidence that the other party will pay up, and private agreements between the co-defendants as to how the payment will be allocated between them.  In fact, the settlement agreement's description of the settlement payment as a "collective sum," together with its provision that Target and Kmart will each pay Eclipse an unspecified portion of the settlement, may suggest that Target and Kmart privately agreed on how much each party would pay.  But that is of no concern to Eclipse, nor should it be to us.  Our speculation on this point does not rebut the presumption of joint and several liability and cannot overcome the clear words of the contract.  Whatever understanding Kmart and Target may have had with each other did not make it into their contract with Eclipse.

Extrinsic evidence, when it is admissible, may only be used to interpret an integrated contract, not to add to its terms.[5]  By holding Target liable for an amount that appears nowhere in the contract, the majority impermissibly uses extrinsic

---

[5] *Casa Herrera, Inc. v. Beydoun*, 83 P.3d 497, 501–02 (Cal. 2004).

evidence to add a term to this integrated contract instead of interpreting it.[6]  Neither the words of the contract nor the extrinsic evidence rebuts the presumption of joint and several liability.


I respectfully dissent.

---

[6] *See id.* (citing *Alling v. Universal Mfg. Corp.*, 7 Cal. Rptr. 2d 718, 731 (Ct. App. 1992)).