NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership, <br><br>    Plaintiff-Appellant, <br><br> and <br><br> STEPHEN M. LOBBIN, <br><br>    Intervenor-Plaintiff, <br><br>  v. <br><br> TARGET CORPORATION, a Minnesota corporation, <br><br>    Defendant-Appellee, <br><br> and <br><br> AMAZON.COM, INC., a Delaware corporation; TOYS R US, INC., a Delaware corporation; KMART CORPORATION, a Michigan corporation; MENARD, INC., a Wisconsin corporation; FINGERHUT DIRECT MARKETING, INC., a Delaware corporation, <br><br>    Defendants. | No. 23-55422 <br><br> D.C. No. <br> 3:15-cv-01411-RBM-JLB <br><br><br> MEMORANDUM* |

---

   *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

| | |
|---|---|
| THE ECLIPSE GROUP LLP, a California limited-liability partnership, | No. 23-55465 |
| Plaintiff, | D.C. No. 3:15-cv-01411-RBM-JLB |
| and | |
| STEPHEN M. LOBBIN, | |
| Intervenor-Plaintiff-Appellant, | |
| v. | |
| TARGET CORPORATION, a Minnesota corporation, | |
| Defendant-Appellee, | |
| and | |
| AMAZON.COM, INC., a Delaware corporation; TOYS R US, INC., a Delaware corporation; KMART CORPORATION, a Michigan corporation; MENARD, INC., a Wisconsin corporation; FINGERHUT DIRECT MARKETING, INC., a Delaware corporation, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted May 6, 2024[**]

2

Pasadena, California

Before: FORREST and BUMATAY, Circuit Judges, and DONATO,[***] District Judge.

The Eclipse Group LLP ("Eclipse") and Intervenor-Plaintiff-Appellant Stephen M. Lobbin ("Lobbin") appeal the district court's order denying their motion to hold Target Corporation ("Target") and Kmart Corporation ("Kmart") jointly and severally liable for paying a settlement agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. On August 1, 2018, Eclipse, Lobbin, Target, and Kmart entered into a Settlement Agreement for a total amount of $425,000 ("Settlement Agreement"). Eclipse and Lobbin argue that Target is jointly and severally liable for Kmart's unpaid portion of the Settlement Agreement. Assuming that the "law of the case" doctrine does not apply, we review questions of contract interpretation de novo, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009), and "factual findings as to what the parties said or did," including those findings related to parol evidence, under the clearly erroneous standard, *Libby, McNeill, & Libby v. City Nat'l Bank*, 592 F.2d 504, 512 (9th Cir. 1978).

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

We agree with the district court that Target is not jointly and severally liable for Kmart's unpaid portion of the Settlement Agreement. First, the Settlement Agreement does not unambiguously impose joint and several liability on Target and Kmart. The Settlement Agreement does not expressly state that Target and Kmart will be jointly and severally liable. Instead, the Settlement Agreement states that "Target and Kmart agree to cause Eclipse and Lobbin to be paid a *collective* sum of $425,000 . . . . Eclipse and Lobbin recognize that Target and Kmart will each pay a *portion* of the Settlement Payment and Eclipse and Lobbin may receive their payments in one or more checks/wire payments from Target and/or Kmart." The reference to both "a collective sum" and paying "a portion" of the sum creates ambiguity as to whether the parties agreed to joint and several liability.

California's presumption of joint and several liability under California Civil Code §§ 1659 and 1660 is rebuttable. *See Douglas v. Bergere*, 94 Cal. App. 2d 267, 271 (1949) (describing the presumption as "the weakest and least satisfactory character of evidence"). The Settlement Agreement's provision that both Target and Kmart would "each pay a portion of" the settlement amount overcomes this presumption.

Second, the district court did not clearly err in admitting extrinsic evidence to clarify the Settlement Agreement's ambiguity. The parol evidence rule "provides that when parties enter an integrated written agreement, extrinsic evidence may not

4

be relied upon to alter or add to the terms of the writing." *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1174 (2013). "Extrinsic evidence is admissible, however to explain what the parties meant by the language they used." *Aragon-Haas v. Fam. Sec. Ins. Servs., Inc.*, 231 Cal. App. 3d 232, 240 (1991). The district court examined extrinsic evidence demonstrating that Target was never willing to pay more than $300,000, and the communications to Eclipse during negotiations indicating that Target contemplated a two-thirds/one-third split with Kmart. The district court did not clearly err in admitting this evidence to clarify the Settlement Agreement's terms.

2. Lobbin argues that the district court erred by not "return[ing] this action to its status as of June 12, 2018" and allowing the parties to re-file their motions associated with the vacated rulings. However, he does not provide—and we could not find any—binding authority to support his argument. Additionally, Lobbin's argument for disclosure and discovery under Federal Rule of Civil Procedure 60(b) is moot. The district court granted his Rule 60(b) motion and vacated the six orders that Lobbin challenged. Given the district court's order, there is no need for further discovery under the recusal statute, 28 U.S.C. § 455.

3. Lobbin also argues that he may seek rescission of the Settlement Agreement. But Lobbin has waived this argument. During the more than five years litigating this case, Lobbin did not raise rescission to the district court. And the

5

exceptions to waiver do not apply—this case is not exceptional, a new issue has not arisen because of a change in the law, and the issue is not one purely of law. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (discussing the exceptions to waiver). Even if the rescission argument were not waived, Lobbin has not shown he is entitled to unilateral recission under California law. *See* Cal. Civ. Code § 1689(b) (describing the permissible reasons for rescission). Lobbin also has not provided proper notice of rescission to Target or returned any amount that Target paid to him. *See id.* § 1691(a)–(b); *see also Koenig v. Warner Unified Sch. Dist.*, 41 Cal. App. 5th 43, 61 (2019) ("[F]ailure to restore the consideration received under the termination agreement further precludes [plaintiff's] rescission claim.").

4. We deny Eclipse's requests for judicial notice, Dkt. Nos. 9 and 37, and Target's request for judicial notice, Dkt. No. 23. None of these documents meet the requirements for judicial notice.

**AFFIRMED**.